IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON DEVON NEWTON, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | CIVIL ACTION NO. 25-908-KSM |
| : |  |
| PHILADELPHIA PENNSYLVANIA : |  |
| ADULT PROBATION AND : |  |
| PAROLE DEPARTMENT, *et al.*, : |  |
|     Defendants. : |  |

**MEMORANDUM**

**Marston, J.**                                                                                                  **April 2, 2025**

Pro se Plaintiff Devon Newton brings this civil action against the Philadelphia Adult Probation and Parole Department ("PAPPD") and Probation Officers Eric Corey Jr. and Sinai Hill.[1] (*See* Doc. No. 2.) He also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court grants Newton's application to proceed *in forma pauperis* and dismisses his Complaint with prejudice for failure to state a claim.

**I.    FACTUAL ALLEGATIONS[2]**

As best as the Court can understand his allegations, Newton asserts that a sentence he received in a state court criminal matter, *Commonwealth v. Newton*, CP-51-CR-0005064-2022,

---

[1] Newton's handwritten Complaint does not contain a caption; however, he identifies the Defendants in the body of the Complaint. (*See* Doc. No. 1–2.) The Clerk of Court entered his name on the docket, including the double first name, as he wrote it in his Complaint but did not list Officers Corey and Hill as Defendants. The accompanying Order directs the Clerk to add them as named Defendants.

[2] The factual allegations set forth in this Memorandum are taken from the Complaint. (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system. The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

included terms of probation that violated his civil rights.[3]  In particular, Newton challenges a "stay away order" preventing him from contacting his son and the mother of his child.  (*Id*. at 2, 5–6.)  Newton asserts that "the probation [in] Case Docket Number CP-51-CR-0005064-2022 is an extreme passive oppressive hindrance in my life separating my family and my better half away from [me]."  (*Id.* at 1–2.)  He also claims that "[t]he probation is passively and oppressively holding me in captivity . . ."  (*Id*. at 2.)  Newton expresses his intention to bring "a civil rights class action suit against" the named Defendants but does not specifically state the relief he seeks for his claims.  (*Id*.)

## II. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

## III. SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted."  *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

[3] The Complaint is comprised of a letter to the Court and a copy of a May 7, 2024 motion, apparently filed in *Commonwealth v. Newton*, in which Newton sought reconsideration of his sentence and a "stay away order" in particular. (See Doc. No. 2 at 3–7.)

### A. Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, we liberally construe the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

### B. Analysis

Liberally construed, Newton's Complaint contests the conditions of his probation, arguing that they violate his right to family unity. The Court thus interprets the Complaint as asserting violations of the Ninth and Fourteenth Amendments to the United States Constitution. *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment."). The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

Assuming that Newton intends to bring claims for injunctive relief and damages, the Court addresses each claim in turn.

### 1.      **Claims for Injunctive Relief**

Although difficult to follow at times, Newton's Complaint clearly challenges the terms of his probation, specifically the stay away order barring him from having contact with his child and the mother of his child.[4] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)); *cf. Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (explaining that "being on probation meets the 'in custody' requirement for purposes of the habeas statute"). Accordingly, to the extent that Newton "seeks injunctive [r]elief freeing [him] from his remaining sentence of probation . . . such relief must be sought in a petition for habeas corpus relief under 28 U.S.C. § 2254." *Shero v. Gallagher*, No. 24-6073, 2025 WL 209174, at *2 (E.D. Pa. Jan. 15, 2025) (quotation marks omitted). Because he cannot seek such relief through § 1983, any attempt to amend his § 1983 claims would be futile, and his claims are dismissed with prejudice.

---

[4] The publicly available docket for Newton's criminal case reflects that the sentence for his September 7, 2023 conviction by way of a *nolo contendere* plea included a three-year term of probation during which he was not to have contact with the victim of the crime, who is not named (presumably either his child or the mother of his child), unless authorized by the court. *Commonwealth v. Newton*, CP-51-CR-0005064-2022. He was also required to complete domestic violence therapy, among other conditions. *Id.* On October 17, 2024, Newton was found in violation of these conditions and sentenced to an additional term of probation. *Id.*

### 2. **Claims for Damages**

The Complaint does not include a request for damages, so the Court's analysis could stop here. Nevertheless, we note that even if Newton had included such a request—or the Court broadly interpreted his Complaint to include one—his § 1983 claims against the PAPPD and Officers Corey and Hill would still fail.

Beginning with the PAPPD, the Court notes that it is a department of the Pennsylvania Court of Common Pleas for Philadelphia County, which is in turn part of the First Judicial District of Pennsylvania.[5] *See* https://www.courts.phila.gov/common-pleas/trial/criminal/ (last visited Mar. 18, 2025). Pennsylvania's courts, including the Court of Common Pleas, are arms of the Commonwealth that share in the Commonwealth's Eleventh Amendment immunity and thus, are not considered "persons" subject to liability under § 1983. *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered arms of the State for Eleventh Amendment purposes' are not 'persons' under § 1983" (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989))); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that "the Judicial District and its counterparts are state entities" entitled to immunity from suit under the Eleventh Amendment). Although a state may waive its sovereign immunity by consenting to suit against it in federal court, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), the Commonwealth of Pennsylvania has not, *see* 42 Pa. Cons. Stat. § 8521(b). Because the Court of Common Pleas—and by extension, subdivisions of the court like the PAPPD—are not subject to liability for damages

---

[5] Although the Pennsylvania Department of Corrections "oversees Parole Supervision throughout the Commonwealth," https://www.pa.gov/agencies/cor/resources/parole-supervision.html (last visited Mar. 18, 2025), it "does not have jurisdiction over the individual county probation and parole offices for adult supervision," https://www.pa.gov/agencies/cor/resources/parole-supervision/county-probation-and-parole.html (last visited Mar. 18, 2025).

under § 1983, Newton's claim for damages against the PAPPD (to the extent there is one) must be dismissed with prejudice. *See Henry v. Phila. Adult Probation & Parole*, 297 F. App'x 90, 90 n.1 (3d Cir. 2008) ("PAPPD is an arm of the Commonwealth of Pennsylvania and not the City of Philadelphia. The Eleventh Amendment would have barred any claims on appeal against the PAPPD." (citing *Benn*, 426 F.3d at 235, 240)).

Similarly, Newton's claims against Probation Officers Eric Corey Jr. and Sinai Hill fail for two reasons. (Doc. No. 2 at 2.) First, Newton does not allege any facts related to these Defendants. (*See generally id*.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Newton asserts that "the probation [in] Case Docket Number CP-51-CR-0005064-2022 is an extreme passive oppressive hindrance in my life separating my family and my better half away from [me]." (Doc. No. 2 at 1–2.) Other than the cryptic statement that Officers Corey and Hill are "responsible for using the Law School Teaching to divide & subtract my son out of my life by being a law school detective," Newton does not assert any facts as to what these Defendants did to violate his constitutional rights. (*See id*.)

Second, even if Newton had alleged facts concerning the involvement of Officers Corey and Hill, his claims as to these Defendants would likely still fail because probation and parole officers are generally entitled to some degree of immunity when carrying out their adjudicatory

6

or administrative duties. *See Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989) (noting that probation officers "are entitled to absolute immunity when they are engaged in adjudicatory duties [while] [i]n their executive or administrative capacity, probation and parole officers are entitled only to a qualified, good faith immunity.").

Because Newton does not seek damages under § 1983, and even if he meant to, he has not plausibly stated claims for such relief, his Complaint is also dismissed on this ground.

## IV. CONCLUSION

The Court dismisses the Complaint with prejudice because the relief Newton seeks is not available in a civil rights action under § 1983. An appropriate Order follows.